## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : **SEALED CRIMINAL** |
| | : **COMPLAINT** |
| -v- | : |
| | : Mag. No. 15-4121 |
| MARK ANDREOTTI | : |

I, Jeffrey L. Fata, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Criminal Investigator with the Federal Housing Finance Agency, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

_____
Jeffrey L. Fata, Criminal Investigator
Federal Housing Finance Agency

Sworn to before me and subscribed in my presence,
August  13th, 2015 in Essex County, New Jersey


Hon. Michael A. Hammer                    _____
United States Magistrate Judge            Signature of Judicial Officer

## **ATTACHMENT A**

In or about January 2010, in the District of New Jersey and elsewhere, defendant

## MARK ANDREOTTI

did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud Nationstar Mortgage, LLC, and to obtain moneys, funds, and assets owned by and under the custody and control of Nationstar Mortgage, LLC, by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice was in substance as set forth in Attachment B.

In violation of Title 18, United States Code, Section 1344 and Section 2.

## ATTACHMENT B

I, Jeffrey L. Fata, am a Criminal Investigator with the Federal Housing Finance Agency. I have knowledge of the following facts based upon both my investigation and discussions with other law enforcement personnel and others. Because this affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not included each and every fact known to the government concerning this matter. Where statements of others are set forth herein, these statements are related in substance and in part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

### Background

1. At all times relevant to this complaint:

   a. Defendant Mark Andreotti ("defendant Andreotti") resided and owned a home in Wyckoff, New Jersey.

   b. Metropolitan Title and Abstract ("Metropolitan") was a licensed title insurance agent and settlement agent located in Rutherford, New Jersey. Andreotti was the 99% owner and President of Metropolitan.

   c. Flagstar Bank ("Flagstar") was a financial institution, as defined in Title 18, United States Code, Section 20.

   d. Nationstar Mortgage LLC ("Nationstar"), was a mortgage lending business, as defined in Title 18, United States Code, Section 27, and thus, a financial institution, as defined in Title 18, United States Code, Section 20.

### The Scheme to Defraud

2. Beginning as early as in or about January 2010 through in or about April 2011, defendant Andreotti engaged in a scheme that caused approximately $1.3 million in loss to Flagstar and Nationstar.

3. Pursuant to the scheme, on or about July 24, 2009, defendant Andreotti obtained from Nationstar a second mortgage ("Mortgage 2") on a residence located in Wyckoff, New Jersey ("Wyckoff Residence") for the purpose of refinancing his first mortgage ("Mortgage 1") of approximately $679,000 from Flagstar.

4. Defendant Andreotti represented on the HUD-1A form that he would use the loan amount of Mortgage 2 from Nationstar to pay off the remaining balance of Mortgage 1 with Flagstar. In fact, the loan documents specified that full payment of Mortgage 1 was a condition of the loan of Mortgage 2 to defendant Andreotti. The loan amount of Mortgage 2 was for approximately $629,000.

5. Defendant Andreotti utilized Metropolitan as the settlement agent for the transaction as stated in the HUD-1A. Once Nationstar approved Mortgage 2, defendant Andreotti directed Nationstar to deposit the funds into a bank account in the name of Metropolitan ("Metropolitan Account") which he controlled.

6. However, instead of using the funds from Nationstar to pay off Mortgage 1, defendant Andreotti diverted the funds from the Metropolitan Account to pay for other transactions unrelated to the refinance of the Wyckoff Residence in the week following the deposit. None of the funds were used to pay off Mortgage 1 which was the purported purpose of the loan.

7. The Wyckoff Residence is in foreclosure proceedings because defendant Andreotti has not made payments to Flagstar or Nationstar for Mortgage 1 or Mortgage 2.