RECEIVED

NOV 03 2015

AT 8:30_____M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 15- 569- SDW |
| v. | : | |
| MARK ANDREOTTI | : | 18 U.S.C. § 1344 and |
| | : | 18 U.S.C. § 2 |

## INDICTMENT
### (Bank Fraud)

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

1. At all times relevant to this Indictment:

    a. Defendant MARK ANDREOTTI ("defendant ANDREOTTI") resided in or near Wyckoff, New Jersey, and maintained bank accounts in New Jersey and elsewhere.

    b. Metropolitan Title and Abstract, LLC ("Metropolitan"), was a licensed title insurance agency and settlement agency located in Rutherford, New Jersey. Defendant ANDREOTTI was the 99% owner and President of Metropolitan.

    c. Victim Bank #1 was a financial institution, as defined in Title 18, United States Code, Section 20.

    d. Victim Bank #2 was a mortgage lending business as defined in Title 18, United States Code, Section 27, and thus, a financial institution as defined in Title 18, United States Code, Section 20.

1

## The Bank Fraud Scheme

2.   In or about January 2010, in Bergen County, in the District of New Jersey, and elsewhere, defendant

MARK ANDREOTTI

did knowingly execute and attempt to execute a scheme and artifice to defraud financial institutions, namely, Victim Bank #1 and Victim Bank #2, and to obtain money, funds, and property owned by and under the custody and control of, those financial institutions by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice was in substance as set forth herein.

## Object of the Scheme to Defraud

3.   The object of the scheme and artifice to defraud was for defendant ANDREOTTI to enrich himself by obtaining a loan from Victim Bank #2 under false pretenses and by using those loan proceeds for his own purposes, although he represented in the loan application that he would use the proceeds to refinance a mortgage with Victim Bank #1.

## Manner and Means of the Scheme to Defraud

4.   It was part of the scheme and artifice to defraud that, on or about July 9, 2009, defendant ANDREOTTI and an individual ("Individual #1") purchased a home located in Wyckoff, New Jersey (the "Wyckoff Residence").

5.   It was further part of the scheme and artifice to defraud that, on or about July 24, 2009, defendant ANDREOTTI and Individual #1 executed a

mortgage with Victim Bank #1 for the Wyckoff Residence for approximately $679,000 ("Mortgage #1").

6. It was further part of the scheme and artifice to defraud that, on or about January 22, 2010, defendant ANDREOTTI executed a mortgage with Victim Bank #2 for the Wyckoff Residence for approximately $625,000 ("Mortgage #2"), representing on loan documents that Mortgage #2 was for the purpose of refinancing Mortgage #1.

7. It was further part of the scheme and artifice to defraud that defendant ANDREOTTI directed that the funds from Mortgage #2 be wired to a bank account in the name of Metropolitan that he controlled (the "Metropolitan Account").

8. It was further part of the scheme and artifice to defraud that after the funds from Mortgage #2 were deposited into the Metropolitan Account, defendant ANDREOTTI diverted the funds from the Metropolitan Account to pay for other transactions unrelated to the refinancing of Mortgage #1 on the Wyckoff Residence, contrary to the representations he made on the loan application for Mortgage #2.

9. It was further part of the scheme and artifice to defraud that defendant ANDREOTTI never recorded Mortgage #2.

10. As a result of defendant ANDREOTTI's scheme and artifice to defraud, defendant ANDREOTTI defaulted on Mortgage #1 and Mortgage #2.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

## FORFEITURE ALLEGATION

1. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice to defendant ANDREOTTI that, upon his conviction of the offense charged in this Indictment, the Government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), which require any person convicted of any such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

3. If any of the above described forfeitable property, as a result of any act or omission of defendant ANDREOTTI

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL

_____
FOREPERSON

_____
PAUL J. FISHMAN
United States Attorney

CASE NUMBER: 15-cr-569-SDW

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

MARK ANDREOTTI

INDICTMENT
CHARGING VIOLATIONS OF

18 U.S.C. §§ 1344 and 2

A True Bill,

PAUL J. FISHMAN
UNITED STATES ATTORNEY
NEWARK, NEW JERSEY

SHANA W. CHEN
ASSISTANT U.S. ATTORNEY
973-353-6095

USA-48AD 8
(Ed. 1/97)