UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NOTICE OF MOTION |
| v. | : | |
| | : | CRIMINAL NO. 15-569 (SDW) |
| MARK ANDREOTTI | : | |

TO:   SHANA CHEN, ESQ
      ASSISTANT U.S. ATTORNEY
      970 BROAD STREET
      NEWARK, NEW JERSEY  07102

      PLEASE TAKE NOTICE that Kevin F. Carlucci. Esq.,Assistant Federal Public Defender, attorney for defendant Mark Andreotti will move before the Honorable Susan D. Wigenton, United States District Judge for the District of New Jersey, on April 24, 2017, for the following relief:

    (1)    For an Order severing counts of the indictment;

    (2)    For an Order requiring disclosure of Rule 404(b) evidence.

    For purposes of the instant motion the defense will rely on the attached memorandum.

                                                                           Respectfully submitted,
                                                                             s/ Kevin F. Carlucci
                                                                             Assistant Federal Public Defender
                                                                             1002 Broad Street
                                                                             Newark, NJ  07102

                                                                             Attorney for Mark Andreotti

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 15-569 (SDW) |
| | : | |
| MARK ANDREOTTI | : | |

MEMORANDUM IN SUPPORT OF MOTION

KEVIN F. CARLUCCI, ESQ.
ASSISTANT FEDERAL PUBLIC DEFENDER
1002 BROAD STREET
NEWARK, NEW JERSEY   07102

ATTORNEY FOR DEFENDANT
MARK ANDREOTTI

## STATEMENT OF CASE

Mr. Andreotti is charged in a six count indictment with conspiracy to commit bank fraud in count one, bank fraud in counts two and three, tax evasion in count four, and failure to file tax returns in counts five and six.

The bank fraud conspiracy is alleged to have occurred in or around March 2011 through in or around May 2011. The bank fraud charged in count two is alleged to have occurred within the same dates. Count three charges a separate bank fraud occurring in or about January 2010.

Count four charges that Mr. Andreotti evaded taxes for the years 2005 through 2008. Counts five and six allege failure to file tax returns for the years 2010 and 2011.

## I. MOTION TO SEVER

**THE BANK FRAUD COUNTS SHOULD NOT HAVE BEEN JOINED WITH THE TAX COUNTS PURSUANT TO FED. R. CRIM. P. 8(a), AND SHOULD NOW BE SEVERED. IN THE ALTERNATIVE, THE COUNTS SHOULD BE SEVERED PURSUANT TO RULE 14(a).**

Rules 8 and 14 of the Federal Rules of Criminal Procedure govern joinder and relief from prejudicial joinder. Joinder is only permitted where:

> (a) Joinder of Offenses. The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged... are of the same or similar character , or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed.R.Crim.P. 8(a).

Rule 14(a), meanwhile, authorizes district courts, in the exercise of their discretion, to grant relief from prejudicial joinder, recognizing that in certain circumstances, joinder may be legally proper but impermissibly prejudicial to a defendant. In this case, joinder of Counts One, Two and Three with the remainder of the indictment was not proper. Even if the Court determines that joinder was technically proper, however, it should still sever these two counts, pursuant to its discretionary authority under Rule 14(a), and require them to be tried separately from the other counts.

The analytical framework applied in *United States v. Richardson*, 161 F.3d 728 (D.C. Cir. 1998), is relevant to this case. In *Richardson*, the defendant was charged with unlawful possession of a firearm by a convicted felon, unlawful possession of ammunition by a convicted felon, and threatening to injure another person. *Id.* at 730. All three offenses allegedly occurred on the same night, with the alleged threats being made by the defendant after he was arrested on the other charges. *See id.* On appeal, the defendant argued that the joinder was improper. The appeals court acknowledged that "Rule 8 has generally been construed liberally in favor of joinder," but that it "cannot be stretched to cover offenses, like those here, which are discrete and dissimilar and which do not constitute parts of a common scheme or plan." *Id.* at 733 (citation

omitted). It explained that "discrete and dissimilar" offenses must have "some logical relationship between them" in order to be joined under the Rule. *Id.* at 734. Specifically, the government argued that "but for the arrest of appellant on the weapons charges, he would not have been motivated to threaten Officer Creamer." *Id.* The Court of Appeals dismissed this:

> Offenses do not become logically related solely by way of an intervening arrest; that is, the fact that an intervening arrest brings preceding and succeeding offenses together temporally or precipitatively simply does not suffice to create the logical relationship contemplated by Rule 8 which requires that they be "connected together or constitut[e] parts of a common scheme or plan."

*Id.* The Court added that there was "no overlap of issues or evidence between the weapons and threats offenses," meaning that judicial economy would not be served by joinder. *Id.* ("Where these is no substantial overlap in evidence and particularly where the evidence necessary to prove each of the offenses would be inadmissible in a trial of the other, judicial economy does not favor joinder."). The Court thus ruled that joinder was improper. In the circumstances of the case before it, that meant reversing the threats conviction and dismissing the charge for lack of jurisdiction. *See id.*

This case compels the same conclusion, although the result would be a separate trial for Mr. Andreotti on the tax charges, rather than dismissal of those charges. The tax charges and the bank fraud charges are clearly "discrete and dissimilar" offenses, in the words of the Richardson Court. And, in the words of Rule 8(b), they are not part of the "same act or transaction," or part of the "same series of acts or transactions, constituting an offense or offenses." The bank fraud charges allege, in count one, a conspiracy from in or about March 2011 through in or about May 2011 to fraudulently obtain a loan which is the subject of count two. Count three alleges bank fraud in connection with a different loan occurring in or about January 2010. The tax charges allege, in count four, evasion of tax payments for the years 2005 through 2008, and in counts five

and six, failure to file tax returns for 2010 and 2011. There is simply no relationship between the bank fraud allegations and the tax charges. Nor is the interest of judicial economy any better served by trying the counts together. In separate trials, the evidence of tax evasion would not be admissible in the bank fraud trial, nor would evidence of the bank fraud be admissible in the tax evasion trial. For all of these reasons, these charges should not be joined.

Even if the Court rules that joinder is proper, however, it must still conclude that joinder is prejudicial in the circumstances of this case and that severance is required pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure. Rule 14(a) permits a Court to sever counts contained in a single indictment and to order separate trials where joinder of those counts would prejudice the defendant. In determining whether counts in an indictment should be severed for trial, the trial court must balance the need for judicial economy against the right of the defendant not to be prejudiced by the joinder. *See United States v. Joshua*, 976 F.2d 844, 847 (3d Cir. 1992), overruled on other grounds by *Stinson v. United States*, 508 U.S. 36 (1993). Generally, joinder of offenses raises the possibility of three types of prejudice:

> (1) the jury may consider that a person charged with doing so many things is a bad person who must have done something, and may cumulate the evidence against him or her; (2) proof that defendant is guilty of one offense may be used to convict him or her of another even though proof of that guilt would have been inadmissible at a separate trial; and (3) defendant may wish to testify in his or her own defense on one charge but not on another.

1A Fed. Prac. & Proc. Crim.3d § 222. *See also United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1976) (citing Wright, Fed. Prac. & Proc. Crim. § 222 (1969)).

Joinder of the bank fraud counts and the tax counts in this case presents a serious risk of all three types of prejudice. Perhaps the most obvious danger is that of the first type, namely, that a jury will conclude that all of these charges add up to "a bad person who must have done something[.]" 1A Fed. Prac. & Proc. Crim.3d § 222. *Richardson* is, again, helpful on this point.

The *Richardson* Court noted that the jury was exposed to "irrelevant and clearly prejudicial evidence in connection with the threats charge at the time it was determining appellant's guilt on the weapons charge." *Richardson*, 161 F.3d at 735. The Court cited both the "obvious danger that a jury might have been influenced against appellant simply because he was the 'type' of person who would threaten a police officer," and the problems resulting from the specifics of the case. *Id.* at 735. The same dangers are present in this case. If these charges are tried together, there is the very real danger that the jury will be persuaded on the conspiracy charge based on evidence that Mr. Andreotti is the "type" of person who would threaten law enforcement officials. The potential of the first type of prejudice is clearly present in this case, requiring severance.

The danger of the second and third types of prejudice is also present. Where evidence pertaining to the bank fraud charges would not be admissible in the trial of the tax charges, and vice versa, there is clearly the danger that the jury consider evidence of one charge to convict him of another even though evidence of one would have been inadmissible in a separate trial. Finally, Mr. Andreotti may well wish to testify with respect to the fraud counts but not the tax counts. Absent severance, the jury could quite easily draw an adverse, and wholly impermissible, inference about Mr. Andreotti's guilt concerning those counts about which he does not testify. *See generally* 1A Fed. Prac. & Proc. Crim.3d, § 222 (noting defendant runs risk of adverse jury inference on charges as to which he remains silent and that defendant may be coerced into testifying as to all charges so as to avoid damage that would occur were he to testify as to certain counts but remains silent as others; quoting *Cross v. United States*, 335 F.2d 987, 989 (D.C. Cir. 1964)).

Conducting a separate trial on the bank fraud charges and the tax charges is not only eminently feasible, but also necessary to protect Mr. Andreotti's right to a fair trial. He therefore respectfully requests that the Court grant his motion for severance.

## II. MOTION FOR DISCLOSURE OF RULE 404(b) EVIDENCE

### MR. ANDREOTTI REQUESTS THE DISCLOSURE OF ANY EVIDENCE THE GOVERNMENT SEEKS TO INTRODUCE PURSUANT TO FED.R.CRIM.P. 404(b).

The government may attempt to introduce "other crimes" evidence in its case in chief pursuant to FED.R.EVID. 404(b).[1] This rule "generally prohibits the admission into evidence of extrinsic acts intended to prove a defendant's propensity for crime or to suggest to the jury unfavorable inferences reflecting on his character." *United States v. Scarfo*, 850 F.2d 1015, 1018 (3d Cir.), *cert. denied*, 488 U.S. 910 (1988). However, if offered for a proper purpose, evidence of other crimes or wrongs is admissible, "subject only to the ordinary limitations under Rules 402 and 403." *Id.* at 1019.

In order to prepare for trial, Mr. Andreotti requests that the government specify what, if any, Rule 404(b) evidence it anticipates introducing at trial and that the court then conduct a hearing and rule on the admissibility of that evidence.

---

[1] Federal Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Notice of Motion and Memorandum was served by electronic filing upon Shana Chen, Assistant U.S. Attorney, 970 Broad Street, Newark, New Jersey  07102 on this 27th day of March, 2017.

s/Kevin F. Carlucci
Assistant Federal Public Defender
