RECEIVED
APR 18 2017
AT 8:30_____M
WILLIAM T. WALSH, CLERK

swc/2014R00990

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Susan D. Wigenton |
| v. | : | Crim. No. 15-569 (SDW) |
| MARK ANDREOTTI, | : | 18 U.S.C. §§ 1349, 1344, & 2 |
| a/k/a "Mark Andreottis" | : | 26 U.S.C. §§ 7201 & 7203 |

### THIRD SUPERSEDING INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNT 1
(Conspiracy to Commit Bank Fraud)

### Background

1. At all times relevant to this Indictment:

<u>The Defendant and Co-Conspirator</u>

  a. Defendant MARK ANDREOTTI ("defendant ANDREOTTI"), also known as "Mark Andreottis," resided in or around Wyckoff, New Jersey. Defendant ANDREOTTI held himself out as a settlement and title agent, was the owner and President of multiple title insurance and settlement agencies, and maintained bank accounts in New Jersey and elsewhere.

  b. Co-conspirator J.E. was a self-employed attorney who resided and worked in or around Montville, New Jersey, and maintained bank accounts in New Jersey.

1

c.  Metropolitan Title and Abstract, LLC ("Metropolitan"), was a title insurance and settlement agency located in or around Rutherford, New Jersey. Defendant ANDREOTTI was the 99% owner and President of Metropolitan.

d.  New Horizon Settlement Services, LLC ("New Horizon"), was a title insurance and settlement agency located in or around Rutherford, New Jersey. Defendant ANDREOTTI was the 99% owner and President of New Horizon.

e.  Metropolitan Insurance Holdings, LLC ("Metropolitan Holdings") was the holding company for Metropolitan and New Horizon and was located in or around Rutherford, New Jersey. Defendant ANDREOTTI was the 99% owner and President of Metropolitan Insurance Holdings.

f.  Praetorian Investor Services, LLC ("Praetorian") was a real estate holding company located in Las Vegas, Nevada. Defendant ANDREOTTI was the Business Manager, Managing Member, and Registered Agent for Praetorian.

The Victims

g.  Victim Bank #1 was a financial institution, as defined in Title 18, United States Code, Section 20, located in or around Paramus, New Jersey, and elsewhere.

h.  Victim Bank #2 was a financial institution, as defined in Title 18, United States Code, Section 20, located in or around Roanoke, Virginia, and elsewhere.

i.  Victim Bank #3 was a mortgage lending business as defined in Title 18, United States Code, Section 27, and thus, a financial institution as defined in Title 18, United States Code, Section 20, located in or around Morristown, New Jersey, and elsewhere.

2.  From in or about March 2011 through in or about May 2011, in Morris County, in the District of New Jersey, and elsewhere, the defendant,

MARK ANDREOTTI,
a/k/a "Mark Andreottis,"

did knowingly and intentionally conspire and agree with co-conspirator J.E. and with others to execute and attempt to execute a scheme and artifice to defraud a financial institution, namely Victim Bank #3, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of Victim Bank #3, by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

### Goal of the Conspiracy

3.  It was the goal of the conspiracy for defendant ANDREOTTI and co-conspirator J.E. to profit unlawfully by fraudulently obtaining a loan from Victim Bank #3 under false pretenses and by using the loan proceeds for their own purposes.

### Manner and Means of the Conspiracy

4.  It was part of the conspiracy that in or about 2011, defendant ANDREOTTI and co-conspirator J.E. caused material misrepresentations to be

made on a loan application and settlement documents submitted to Victim Bank #3 for a refinance mortgage ("Mortgage #3") secured by J.E.'s personal residence in Montville, New Jersey (the "Montville Residence"). Co-conspirator J.E. had purchased the Montville Residence with another individual ("Individual #1") on or about October 1, 2003. On or about October 1, 2003, co-conspirator J.E. and Individual #1 had executed a mortgage with Victim Bank #1 for the Montville Residence for approximately $405,000 ("Mortgage #1"). On or about April 6, 2005, co-conspirator J.E. had executed an open-ended mortgage for an equity line of credit with Victim Bank #2 for the Montville Residence for approximately $100,000 ("Mortgage #2"). An open-ended mortgage is a loan with a maximum indebtedness, in this instance approximately $100,000, that a borrower can draw on over time. The purported purpose of Mortgage #3 was to refinance, and thereby pay off, Mortgages #1 and #2.

5. It was further part of the conspiracy that defendant ANDREOTTI and co-conspirator J.E. caused Metropolitan to serve as the settlement agent for the closing of Mortgage #3.

6. It was further part of the conspiracy that on or about April 22, 2011, co-conspirator J.E. executed Mortgage #3 with Victim Bank #3 for approximately $491,062, representing on loan documents that Mortgage #3 was for the purpose of refinancing Mortgages #1 and #2.

7. It was further part of the conspiracy that on or about April 27, 2011, defendant ANDREOTTI caused the funds from Mortgage #3 to be wired to

a bank account in the name of Metropolitan that he controlled (the "Metropolitan Account").

8. It was further part of the conspiracy that on or about April 27, 2011, defendant ANDREOTTI and co-conspirator J.E. caused the majority of the funds from Mortgage #3 to be wired to a bank account in the name of New Horizon that defendant ANDREOTTI controlled (the "New Horizon Account").

9. It was further part of the conspiracy that on or about April 27, 2011, defendant ANDREOTTI and co-conspirator J.E. caused the funds from the New Horizon Account to be diverted to business accounts controlled by co-conspirator J.E. and to pay for other transactions unrelated to the refinancing of Mortgages #1 and #2, contrary to co-conspirator J.E.'s representation on the loan application and settlement documents for Mortgage #3.

10. It was further part of the conspiracy that defendant ANDREOTTI and co-conspirator J.E. did not pay off the outstanding mortgages on the Montville Residence—Mortgage #1 and Mortgage #2—so that the multiple mortgages financed by Victim Banks #1 and #2 remained outstanding.

11. It was further part of the conspiracy that defendant ANDREOTTI and co-conspirator J.E. failed to record Mortgage #3.

12. As a result of the conspiracy, co-conspirator J.E. eventually defaulted on Mortgages #2 and #3.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
**(Bank Fraud)**

1. The allegations contained in paragraphs 1 and 4 through 12 of Count 1 above are incorporated and realleged as if set forth fully herein.

2. From in or about March 2011 through in or about May 2011, in Morris County, in the District of New Jersey, and elsewhere, the defendant,

MARK ANDREOTTI,
a/k/a "Mark Andreottis,"

knowingly and intentionally did execute and attempt to execute a scheme and artifice to defraud a financial institution, namely, Victim Bank #3, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, Victim Bank #3, by means of materially false and fraudulent pretenses, representations, and promises, including on a HUD-1 form, loan application, and mortgage documents submitted to Victim Bank #3 for the refinancing of the Montville Residence.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

## COUNT 3
### (Bank Fraud)

1. The allegations contained in paragraph 1 of Count 1 above are incorporated and realleged as if set forth fully herein.

2. Victim Bank #4 was a financial institution, as defined in Title 18, United States Code, Section 20, located in or around Troy, Michigan, and elsewhere.

3. Victim Bank #5 was a mortgage lending business as defined in Title 18, United States Code, Section 27, and thus, a financial institution as defined in Title 18, United States Code, Section 20, located in or around Lewisville, Texas, and elsewhere.

### The Scheme to Defraud

4. In or about January 2010, in Bergen County, in the District of New Jersey, and elsewhere, defendant,

MARK ANDREOTTI,
a/k/a "Mark Andreottis,"

knowingly and intentionally did execute and attempt to execute a scheme and artifice to defraud a financial institution, namely Victim Bank #5, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of Victim Bank #5 by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice was in substance as set forth herein.

### Goal of the Scheme to Defraud

5. The goal of the scheme and artifice to defraud was for defendant ANDREOTTI to enrich himself by obtaining a loan from Victim Bank #5 under false pretenses and by using those loan proceeds for his own purposes, although he represented in the loan application that he would use the proceeds to refinance a mortgage with Victim Bank #4.

### Manner and Means of the Scheme to Defraud

6. It was part of the scheme and artifice to defraud that, on or about July 9, 2009, defendant ANDREOTTI and another individual ("Individual #2") purchased a home located in Wyckoff, New Jersey (the "Wyckoff Residence").

7. It was further part of the scheme and artifice to defraud that, on or about July 24, 2009, defendant ANDREOTTI and Individual #2 executed a mortgage with Victim Bank #4 for the Wyckoff Residence for approximately $679,000 ("Mortgage #4").

8. It was further part of the scheme and artifice to defraud that, on or about January 22, 2010, defendant ANDREOTTI executed a mortgage with Victim Bank #5 for the Wyckoff Residence for approximately $625,000 ("Mortgage #5"), representing on loan documents that Mortgage #5 was for the purpose of refinancing, and thereby paying off, Mortgage #4.

9. It was further part of the scheme and artifice to defraud that defendant ANDREOTTI directed that the funds from Mortgage #5 be wired to the Metropolitan Account.

10. It was further part of the scheme and artifice to defraud that after the funds from Mortgage #5 were deposited into the Metropolitan Account, defendant ANDREOTTI diverted the funds from the Metropolitan Account to pay for other transactions unrelated to the refinancing of Mortgage #4, contrary to the representations he made on the loan application for Mortgage #5.

11. It was further part of the scheme and artifice to defraud that defendant ANDREOTTI never recorded Mortgage #5.

12. As a result of defendant ANDREOTTI's scheme and artifice to defraud, defendant ANDREOTTI defaulted on Mortgage #4 and Mortgage #5.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

## COUNT 4
### (Evasion of Payment)

1. The allegations contained in paragraphs 1 and 4 through 12 of Count 1 and paragraphs 1 and 6 through 12 of Count 3 are incorporated and realleged as if set forth fully herein.

2. From at least as early as in or about September 2010, defendant ANDREOTTI received notice from the Internal Revenue Service ("IRS") that he had income tax due and owing for calendar years 2005, 2006, 2007, and 2008.

3. Thereafter, defendant ANDREOTTI undertook a series of acts to evade and defeat the payment of this income tax, including, but not limited to, the following:

   a. On or about April 23, 2011, defendant ANDREOTTI submitted an unsigned Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals ("Form 433-A"), to the IRS, which was false in material respects, in that it failed to report, among other things, income he received from Metropolitan.

   b. On or about April 8, 2012, defendant ANDREOTTI submitted a signed Form 433-A, which was false in material respects in that it failed to report, among other things, rental property income he had received.

   c. In or about August 2012, defendant ANDREOTTI instructed an employee, who performed administrative duties for Metropolitan, New Horizon, Praetorian, and Metropolitan Holdings ("Employee #1"), to open an account in name of Praetorian (the "Praetorian Account"). From in or about September 2012 and through at least in or about March 2014, defendant

10

ANDREOTTI used the Praetorian Account to deposit checks and pay personal expenses.

4. In total, for calendar years 2005, 2006, 2007, and 2008, defendant ANDREOTTI had a tax due and owing of approximately $428,024 that he attempted to evade paying through these means.

5. From in or about January 2005 through in or about August 2012, in the District of New Jersey and elsewhere, defendant,

> MARK ANDREOTTI,
> a/k/a "Mark Andreottis,"

knowingly and willfully did attempt to evade and defeat a large part of the income tax due and owing to the United States, for the calendar years 2005, 2006, 2007, and 2008, by engaging in, among others, the affirmative acts of evasion set forth in paragraph 3 of this Count.

In violation of Title 26, United States Code, Section 7201.

## COUNTS 5 and 6
### (Failure to File a Tax Return)

1. The allegations contained in paragraphs 1 and 4 through 12 of Count 1, and paragraphs 1 and 4 through 12 of Count 3, are incorporated and realleged as if set forth fully herein.

2. During the calendar years 2010 and 2011, defendant ANDREOTTI had and received gross income of approximately $234,886 in 2010 and $285,030 in 2011, respectively.

3. Having received this income, defendant ANDREOTTI was required by law, following the close of each calendar year, and on or before the filing dates set forth below, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled.

4. On or about the dates described below, in the District of New Jersey and elsewhere, defendant,

MARK ANDREOTTI,
a/k/a "Mark Andreottis,"

knowing and believing the foregoing facts, did knowingly and willfully fail to make an income tax return to the Internal Revenue Service.

| Count | Calendar Year | Filing Date |
|---|---|---|
| 5 | 2010 | October 17, 2011 |
| 6 | 2011 | October 15, 2012 |

In violation of Title 26, United States Code, Section 7203.

## FORFEITURE ALLEGATION AS TO COUNTS 1 THROUGH 3

1. The allegations contained in all paragraphs of Counts 1 through 3 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice to the defendant,

MARK ANDREOTTI,
a/k/a "Mark Andreottis,"

that, upon conviction of the offenses charged in Counts 1 through 3, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(2), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Sections 1344 and 1349, alleged in Counts 1 through 3 of this Superseding Indictment.

### SUBSTITUTE ASSETS PROVISION

3. If by any act or omission of the defendant, any of the property subject to forfeiture described herein:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party,

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty,

13

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPER███

*William E. Fitzpatrick* (signature)
WILLIAM E. FITZPATRICK
Acting United States Attorney

CASE NUMBER: 15-569 (SDW)

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

MARK ANDREOTTI,
a/k/a "Mark Andreottis"

THIRD SUPERSEDING INDICTMENT
CHARGING VIOLATIONS OF

18 U.S.C. §§ 1349, 1344 and 2;
26 U.S.C. §§ 7201 and 7203

A True Bill,



WILLIAM E. FITZPATRICK
ACTING UNITED STATES ATTORNEY
NEWARK, NEW JERSEY

SHANA W. CHEN
ASSISTANT U.S. ATTORNEY
973-353-6095

USA-48AD 8
(Ed. 1/97)