UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 9, 2021

Mark Andreotti
Register No. 67620-050
U.S.P. Lewisburg
P. O. Box 1000
Lewisburg, PA 17837
*Pro Se Defendant*

Jordan Anger, Esq.
United States Attorney's Office
970 Broad Street, 7th Fl.
Newark, NJ 07102
*Counsel for Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re: United States v. Mark Andreotti,**
**Crim. No. 15-569 (SDW)**

Litigants:

Before this Court is *pro se* Defendant Mark Andreotti's ("Defendant") opposition (D.E. 132) to the Government's Motion for Turnover of Funds (D.E. 130). Because this Court granted the Government's turnover motion on May 21, 2021, (D.E. 131), this Court will treat Defendant's opposition as a Motion for Reconsideration under L. Civ. R. 7.1(i). This Court having considered the parties' submissions,[1] and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

A.

On March 12, 2018, following a jury trial, this Court entered a judgment against Defendant for multiple offenses, including conspiracy to commit bank fraud, bank fraud, evasion of payment,

---
[1] The Government submitted a response to Defendant's opposition brief on June 7, 2021. (D.E. 133.)

and failure to file a tax return. (D.E. 102 at 1.) As part of its judgment, this Court ordered Defendant to pay a Special Assessment of $450.00 and Restitution in the amount of $2,123,351.89 plus interest, due immediately. (*Id.* at 1, 7.) As of May 19, 2021, Defendant's outstanding balance on this debt was approximately $2,123,576.89 plus interest. (D.E. 130 at 1.)

Defendant is currently incarcerated at U.S. Penitentiary-Lewisburg in Lewisburg, Pennsylvania, where he has a Bureau of Prisons ("BOP") Inmate Trust Account that had a balance of approximately $1,826.71 on May 17, 2021. (*Id.* at 2.)[2] The Government sought the turnover of these funds, to be applied against the Special Assessment and Restitution balance that Defendant owes. (*Id.* at 1.) This Court granted the Government's motion, and the funds were subsequently turned over. (D.E. 131; *see* D.E. 132 at 1.)

B.

A party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle" which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (citations omitted); *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995 at *2 (D.N.J. July 30, 2015) (citations omitted). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

C.

"The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). "Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . ." *Id.* A restitution order creates "a lien in favor of the United States" on all such property and property rights and "arises on the entry of judgment." *Id.* § 3613(c). Thus, with limited exceptions, a judgment may be recorded for the full amount of the restitution order and immediately enforced against all property that a defendant owns. *See id.* § 3613(a) (listing exceptions). Specifically, the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A, *et seq.*, requires a defendant who "receives substantial resources from any source, . . . during a period of incarceration, . . . to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

---

[2] A BOP Inmate Trust Account (*i.e.*, a commissary account) maintains an inmate's money while he is incarcerated, including money received from prison employment and outside sources. *See* 28 C.F.R. §§ 506.1, 545.

In his submission, Defendant appears to raise three legal arguments against the turnover of his funds: (1) that stimulus funds provided pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136 (2020), are exempt from restitution collection; (2) that his participation in the BOP's Inmate Financial Responsibility Program ("FRP") exempts him from additional restitution collection; and (3) that garnishment of his funds is barred by the automatic stay entered in his Chapter 7 bankruptcy filing. (*See* D.E. 132.) This Court considers these arguments in turn and finds each without merit.

First, nothing in the language of the CARES Act or any other statutory provision exempts CARES Act payments from garnishment for the purpose of enforcing restitution. In fact, under 18 U.S.C. § 3613(a), the United States may enforce a restitution judgment "[n]otwithstanding any other Federal law." The United States is therefore permitted to garnish Defendant's CARES Act funds to enforce his restitution debt. *See United States v. Burnett*, Crim. No. 15-222, 2021 WL 1945856, at *2 (E.D. Mo. May 14, 2021).

Second, if a judgment provides that restitution is "due immediately," as in this case, the Government may utilize "garnishment as an additional means to collect the restitution judgment," regardless of any payment schedule. *United States v. Shusterman*, 331 Fed. App'x 994, 996–97 (3d Cir. 2009). Thus, any non-exempt assets belonging to Defendant are subject to garnishment even if he is making regular FRP payments.

Third, while Defendant may have an ongoing Chapter 7 bankruptcy proceeding, the filing of a bankruptcy petition "does not operate as a stay . . . of the commencement or continuation of a criminal action or proceeding." 11 U.S.C. § 362(b)(1). Courts thus permit the continuation of restitution collection even during bankruptcy proceedings. *See In re Partida*, 862 F.3d 909, 912–13 (9th Cir. 2017) (holding that the MVRA overrides an automatic bankruptcy stay); *In re Robinson*, 764 F.3d 554, 559–62 (6th Cir. 2014) (same). This Court will therefore not reconsider its decision to order the turnover of funds in Defendant's BOP Inmate Trust Account.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reconsideration will be denied. An appropriate order follows.

                                              /s/ Susan D. Wigenton
                                           **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties